**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JEFFERSON G.H.L.,

               Petitioner,

v.                                                    Civil No. 26-2344 (JRT/ECW)

TODD BLANCHE, *Acting Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and

JOEL BROTT, *Sheriff, Sherburne County*,

               Respondents.

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Kira Aakre Kelley, **CLIMATE DEFENSE PROJECT**, P.O. Box 7040, Minneapolis, MN 55407, for Petitioner.

David W. Fuller and Ebony N. Thomas, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Jefferson G.H.L. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") on March 30, 2026.  Jefferson G.H.L petitions for a writ of habeas corpus, arguing that he is being detained unlawfully.

Because the Court concludes that Jefferson G.H.L.'s detention is unlawful, the Court will grant his petition for writ of habeas corpus and order that he be released from custody.

## BACKGROUND

Jefferson G.H.L. is a citizen of Ecuador and a resident of Fridley, Minnesota. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 7, Apr. 23, 2026, Docket No. 1.) On November 20, 2022, United States Customs and Border Protection encountered Petitioner and issued a Notice to Appear, charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act on the ground that he was noncitizen "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (Decl. of William J. Robinson ("Robinson Decl.") ¶ 4, Exs. A & D, Apr. 27, 2026, Docket No. 6.) Petitioner was then released on his own recognizance. (*Id.*, Ex. D.) Within that same year, Petitioner states that he filed an asylum application, which remains pending. (Pet. ¶ 17.) Petitioner further states that he has a work permit and is not subject to a final order for removal. (*Id.*)

Though Petitioner's criminal history is somewhat unclear from the record, since 2023, Petitioner has been charged and convicted of Driving While Impaired and Careless Driving. (Robinson Decl. ¶ 4, Exs. D–F.) On March 26, 2026, Petitioner was sentenced to 15 days on a criminal charge. (*Id.*, Ex. D.) Petitioner states that on March 29, 2026, local law enforcement officers arrested him at his residence and took him into custody. (Pet. ¶ 21.) The next day, a state judge ordered Petitioner released, but before that occurred,

ICE found Petitioner "in custody at Anoka County Sheriff's office on local charges."  (*Id.*, Ex. D; *see also* Pet. ¶ 21.)  On March 30, 2026, ICE placed Petitioner on an immigration detainer and transported him to Sherburne County Jail, (Robinson Decl. ¶ 4, Ex. D; *see also* Pet. ¶ 7), where ICE issued and served Petitioner with a Form I-200 administrative arrest warrant.  (Robinson Decl. ¶ 4, Ex. C.)  The Petitioner remains in custody at the Sherburne County Jail.  (Pet. ¶ 7.)

On April 23, 2026, Jefferson G.H.L. filed a petition for writ of habeas corpus, challenging the lawfulness of his detention.  (Docket No. 1.)  That same day, the Court issued an order, (1) enjoining Respondents from transferring Petitioner outside the District of Minnesota pending a ruling on his habeas petition or returning Petitioner to Minnesota if he had already been removed, and (2) directed Respondents to file an answer by April 27, 2026.  (Docket No. 3.)  Respondents timely filed a response (Docket No. 5), and Petitioner replied (Docket No. 7).

**DISCUSSION**

Petitioner concedes that the Eighth Circuit's recent decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) forecloses his statutory arguments concerning the applicability of § 1225(b)(2), but he maintains that his detention violates Fourth and Fifth Amendment of the United States Constitution, the Administrative Procedure Act, and the *Accardi*

doctrine.[1]   Among other things, Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) and that he was properly arrested pursuant to a warrant.   After carefully reviewing the record and the parties' arguments, the Court concludes that Petitioner's detention is unlawful for two reasons.

**First**, Respondents did not arrest Petitioner under 8 U.S.C. § 1225(b)(2).  Indeed, until Jefferson G.H.L. filed his habeas petition, Respondents represented to Jefferson G.H.L. that he was not subject to mandatory detention under § 1225(b)(2) because they invoked the discretionary detention provisions of 8 U.S.C. § 1226 in the Form I-200 administrative warrant.   The warrant was directed to: "Any immigration officer authorized pursuant to sections 236 [8 U.S.C. § 1226] and 287 [8 U.S.C. § 1357] of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations."  (Robinson Decl. ¶ 4, Ex. C.)  Because Respondents represented to Petitioner that his arrest was based on § 1226(a), the Court will hold Respondents to those representations.  *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 970 (D. Minn. 2025).  The Court will therefore consider Petitioner subject to the discretionary detention framework set forth in 8 U.S.C. § 1226.

Under 8 U.S.C. § 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed

---

[1] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954).  The *Accardi* doctrine bars administrative agencies from taking actions inconsistent with their internal regulations when it would affect individual rights.

from the United States."  In other words, to detain a noncitizen under § 1226(a), a warrant is required.  *See Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)." (citation omitted)).

Upon review of the warrant presented by Respondents, the Court concludes that Petitioner's detention is unlawful because it appears that ICE did not serve him with the Form I-200 administrative warrant until **after** ICE took him into custody and transported him from Anoka County Jail to Sherburne County Jail.  (Robinson Decl. ¶ 4, Ex. C (certifying "that the Warrant for Arrest of Alien was served by [the arresting officer] at Sherburne det. Center on [Petitioner] on March 30, 2026")).  Other than the plain language of the certificate of service contained in the warrant, several facts support the conclusion that the warrant was issued after ICE arrested and detained Petitioner.  The warrant is dated the same day ICE took Petitioner into custody.  (*See id.*)  The warrant also states that officer who signed the warrant determined that probable cause existed for the warrant based upon "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate" that the noncitizen is here unlawfully or is otherwise removable.  (Robinson Decl. ¶ 4, Ex. C.)  Petitioner's biometric information could have only been confirmed after Petitioner had been taken into ICE's custody. Because the warrant was not served until after he arrived at the Sherburne County Jail, such warrant is invalid.  *E.g.*, *Ruben D.A.G. v. Blanche*, Civ. No. 26-2041, slip op. at 5 (D.

-5-

Minn. Apr. 20, 2026) (disregarding Form I-200 administrative warrant that "clearly was not served on Petitioner until he arrived at the Freeborn County Adult Detention Center" after being arrested at the Rice County Courthouse).  Because the warrant is invalid, Petitioner's detention under 8 U.S.C. § 1226 is unlawful.  *Gabriela G. v. Noem*, Civ. No. 26-590, 2026 WL 242007, at *2 (D. Minn. Jan. 29, 2026) ("[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." (citation omitted)).

**Second**, to the extent Petitioner qualifies as an "applicant for admission" and is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), *see Avila*, 170 F.4th at 1138, it does not follow that Petitioner can be arrested and detained pursuant to § 1225(b)(2) without first complying with 8 U.S.C. § 1357(a), which addresses federal immigration officials' authority to make warrantless arrests.  Under § 1357(a)(2), an immigration officer may "arrest any alien in the United States" without a warrant "if he has reason to believe that the alien . . . is in the United States in violation of any such law or regulation **and** is likely to escape before a warrant can be obtained for his arrest."  8 U.S.C. § 1357(a)(2) (emphasis added).  After the warrantless arrest is made, noncitizens "shall be taken without unnecessary delay for examination before an officer of the Service . . . to examine aliens as to their right to enter or remain in the United States."  *Id.*  The Eighth Circuit has interpreted "the term 'reason to believe' in § 1357(a)(2) [to] mean[]

-6-

constitutionally required probable cause."  *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Although the record supports the inference that there was probable cause to believe that Petitioner was unlawfully present in the United States, the record is void of evidence that Petitioner was likely to escape before a **valid** warrant could be obtained and properly executed.  Just because a noncitizen is unlawfully present in the United States does not mean that he or she is likely to escape. *See Ruben D.A.G*, Civ. No. 26-2041, slip op. at 8 ("Anyone without a lawful presence does not immediately present a likelihood of escape merely by being a noncitizen.").  To hold that a noncitizen is likely to escape merely because they are removable would effectively collapse § 1357(a)(2)'s two distinct requirements into one: Section 1357(a)(2) requires that the officer must have "reason to believe" that (1) the noncitizen is in the United States illegally **and** (2) the noncitizen is "likely to escape before a warrant can be obtained for his arrest."  If every noncitizen that is here illegally is presumed likely to escape authorities, then § 1357(a)(2)'s second, independent requirement is rendered superfluous. *See Corley v. United States*, 556 U.S. 303, 314, (2009) ("[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]").  Other than asserting that ICE had probable cause to detain Petitioner based on the charges of inadmissibility—which, for the reasons just stated, is sufficient—Respondents make no effort to justify Petitioner's arrest under 8 U.S.C. § 1357(a).

Because Respondents have not shown that Petitioner was likely to escape, they failed to comply with 8 U.S.C. § 1357—the requirement for arresting a noncitizen without a warrant.  Respondents, therefore, improperly arrested and detained Petitioner under 8 U.S.C. § 1225(b)(2).

In sum, the Court concludes that Petitioner's detention is unlawful.  Respondents represented to Petitioner in the Form I-200 administrative warrant that he was being arrested and detained under 8 U.S.C. § 1226, which requires a warrant.  Because the warrant presented by Respondents is invalid, Petitioner cannot be legally detained under § 1226.  But even if Respondent is arrested and detained under 8 U.S.C. § 1225(b)(2)— which may not require a warrant—Respondents have failed to show that the warrantless arrest was justified under 8 U.S.C. § 1357.[2]

The Court therefore turns to the proper remedy.  Because ICE failed to comply with federal immigration law when arresting and detaining Petitioner and because Respondents have not justified Petitioner's continued detention, release is the proper remedy.  *See, e.g.*, *Ahmed M. v. Bondi*, Civ. No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, Civ. No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for

---

[2] Because the Court concludes that ICE failed to comply with federal immigration law when arresting and detaining Petitioner for the two reasons stated above, the Court will not address the merits of Petitioner's other claims.

unlawful executive detention. . . .  The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Jefferson G.H.L.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jefferson G.H.L.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1.  Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

2.  Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

3.  The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on May 11, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED:  May 5, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge